**Joseph DANIELS, Plaintiff—Appellant,**

v.

**AMERICA WEST AIRLINES, Defendant—Appellee.**

No. 04–35957.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 2, 2006.

Decided June 6, 2006.

Chellie M. Hammack, Esq., C.M. Hammack Law Firm, Seattle, WA, for Plaintiff–Appellant.

---

Brendan Thomas Mangan, Esq., Heller Ehrman, LLP, Seattle, WA, Sonia Banerji, Esq., Mary F. Riley, Esq., Heller Ehrman, LLP, San Francisco, CA, for Defendant–Appellee.

Before: REINHARDT, MCKEOWN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Joseph Daniels appeals the district court's order granting America West Airlines summary judgment on his claims of hostile work environment, disparate treatment, retaliation, and negligent supervision. We affirm.

With respect to Daniels' hostile work environment claim, under either the continuing violation test applied by the district court or the test adopted by the Washington Supreme Court subsequent to the district court's ruling, Daniels must submit evidence that at least one component act occurred within the three-year statute of limitations mandated by Washington law. *Compare Milligan v. Thompson,* 90 Wash. App. 586, 953 P.2d 112, 116 (1998), *to Antonius v. King County,* 153 Wash.2d 256, 103 P.3d 729, 737–38 (2004). Because Daniels did not submit evidence of a timely component act, his hostile work environment claim fails as a matter of law under both tests.

Daniels also failed to raise a triable factual issue in his disparate treatment claim. Daniels did not make a *prima facie* showing of disparate treatment with respect to either his suspension or his termination. *See Johnson v. Dep't of Soc. & Health Servs.,* 80 Wash.App. 212, 907 P.2d 1223,

1231–32 (1996) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Even if Daniels had made a *prima facie* showing, America West proffered legitimate, non-discriminatory reasons for its adverse employment actions and Daniels failed to produce any evidence that those reasons were pretextual. *See id.*

Daniels also failed to raise a genuine issue of fact with respect to his retaliation claim. Again, even if he had made a *prima facie* showing of retaliation, he did not meet his burden of producing evidence that the non-discriminatory reasons for the adverse employment actions offered by America West were pretextual. *See Kahn v. Salerno,* 90 Wash.App. 110, 951 P.2d 321, 332 n. 5 (1998). Daniels also failed to raise a genuine issue of fact with respect to his negligent supervision claim.

Accordingly, the district court's order granting summary judgment in favor of America West on each of Daniels' claims is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.